**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-6818**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

XAVIER MARCELLUS PAUL,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (CR-98-192-A; CA-00-1506)

———————————

Submitted:  July 30, 2004          Decided:  September 21, 2004

———————————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Xavier Marcellus Paul, Appellant Pro Se.  Morris Rudolph Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Xavier Marcellus Paul seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking reconsideration of the court's order dismissing Paul's "Motion to Vacate, Set Aside, or Correct Sentence," which the district court denied without comment. In United States v. Winestock, this court held that a district court "must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir.) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)), cert. denied, ___ U.S. ___, 124 S. Ct. 496 (2003). Paul's Rule 60(b) motion should have been treated as successive by the district court because the claims he sought to raise were presented in his first 28 U.S.C. § 2255 (2000) motion. Because Paul's Rule 60(b) motion should have been treated as a 28 U.S.C. § 2255 motion, the procedural rules pertaining to a certificate of appealability apply.

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C.

- 2 -

§ 2253(c)(2) (2000).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  We have independently reviewed the record and conclude that Paul has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Paul's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255.  See United States v. Winestock, 340 F.3d at 208.  Paul's claims do not satisfy the conditions set forth in 28 U.S.C. §§ 2244(b)(2), 2255 (2000).  Therefore, we decline to authorize Paul to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -